RUTH DYKE BEAMISH *v.* RONALD S. BEAMISH.

February Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 7, 1935.

*Lee E. Emerson* for the plaintiff.

SLACK, J. This is an uncontested petition for divorce based upon intolerable severity, desertion, and neglect and refusal to support. On the facts found, the petition was dismissed and the case is here on plaintiff's exceptions.

It is found that the parties were married in Florida, December 14, 1925, and have one child born May 15, 1927; that following their marriage they resided in Texas for about two years, in New York City for about one year, and then went to Berlin, New Hampshire, where they lived until August, 1930; that while in Berlin the plaintiff conducted a shop for the sale of children's and infants' wear; that she was finally obliged to close out that business which "made her rather bitter, and as a result she and her husband broke up"; that immediately thereafter she went to her parents in Barton, Vermont, taking the child with her; that the child has since remained with her parents, the defendant's family contributing fifteen dollars per month toward its support; that plaintiff has been at her parents' home for various periods from a week to about four months, the rest of the time being employed in New York City. The findings conclude as follows: "There was no evidence of intolerable severity and we are unable to find that the libelee deserted the libelant or that he ever grossly, wantonly or cruelly refused or neglected to provide support for the libelant."

The plaintiff requested the court to find that she had resided in Barton continuously since August, 1930, and excepted to its failure so to do. The court did not find either way on

this issue. This it should have done. But since an affirmative finding would not have changed the result, this omission does not require a reversal.

██ The plaintiff excepted to the court's failure to comply with her request for an affirmative finding on the issue of refusal and neglect to support and to the finding that the court was unable to so find. The statute, P. L. 3116, provides that a divorce may be decreed the wife "when the husband has sufficient pecuniary or physical ability to provide suitable maintenance for her and, without cause, grossly or wantonly and cruelly refuses or neglects so to do. It is not claimed that defendant had the pecuniary ability to support plaintiff, so we look to the evidence regarding his physical ability to do so. As too frequently happens in uncontested divorce cases, it is apparent that, for some reason, the court in the instant case was not apprised of all the material facts touching this issue. The plaintiff testified that while they lived in Berlin she supported the family in the manner stated in the findings, and that her husband did absolutely nothing, though different jobs were offered him, and that he has done nothing toward her support since they separated. She testified, too, that he was a civil engineer and a graduate from Norwich University. But there was no evidence regarding his physical ability to provide support for the plaintiff during the time she claimed he was idle, or since, unless it be found in the following testimony given by her: "Q. And did his failure to support you in Berlin, N. H., affect you mentally? A. Well, after all it was rather embarrassing to one's friends. I was married to a man who apparently had a very fine education and everything in the world to make him capable of taking care of a wife and family and he wasn't doing so and naturally it was very embarrassing." This indirect evidence of defendant's physical ability, if it can be regarded as such, did not compel the findings asked for; and the absence of direct evidence on this vital and simple issue raises a suspicion concerning it that might be expected. To entitle a wife to a divorce under this statute the pecuniary or physical ability of the husband to support her must affirmatively appear. In the instant case the first, as we have seen, is not claimed, and the second was not shown.

██ To the court's failure to find that defendant treated plaintiff with intolerable severity, and to the finding that there

was no evidence of such treatment, plaintiff excepted. The evidence tended to show that when these parties separated plaintiff was in a nervous, run-down condition and had lost considerable weight due to overwork and embarrassment caused by her husband's failure to support her. On the strength of what is said in the Mathewson Case, 81 Vt. 173, 69 Atl. 646, 18 L. R. A. (N. S.) 300, it is urged that intolerable severity was thus established. In the circumstances, this line of reasoning is fallacious, because unless defendant was physically able to support plaintiff, his failure or neglect to do so would not constitute intolerable severity within the meaning of the statute, regardless of the effect it may have had upon her.

The plaintiff excepted to the failure of the court to find that in August, 1930, defendant wilfully deserted her, and to the finding that the court was unable to so find. These exceptions are without merit. The plaintiff's version of what happened is, in brief, as follows: She had supported her husband, paying all the bills, her business went bad and she had to close it out; she felt rather bitter about that; she felt that it was unfair of her husband to ask so much of her, "and we broke at that point"; she told him that she was through taking care of him and he replied: "Well, if that is the way you feel about things, all right, you shift for yourself and your child and I will take care of myself." Thereupon, she took the child and furniture and went to her parents in Barton. What became of defendant does not appear. Plaintiff never saw or heard from him after that, or tried to. It is said in plaintiff's brief that the marital relations of these parties had reached an *impasse*. Perhaps— they certainly broke at that point, but the evidence does not justify the charge that defendant wilfully deserted plaintiff.

The plaintiff says that she should not be thrown out of court until she has had the benefit of a clear, direct, and express finding on the question of her residence and her *grounds for divorce*.

A finding as to her residence is immaterial, as we have seen, in view of the disposition of the other questions raised by her, and the other findings are all she is entitled to on the evidence.

*Judgment affirmed.*